## UNITED STATES BANKRUPTCY COURT

## IN THE WESTERN DISTRICT OF MICHIGAN

_____

In re:

ROBERT J. SCHNOOR,                            Case No.: HG 09-00772
a/k/a R. JUDD SCHNOOR,                        Chapter 7 Proceeding
a/k/a JUDD SCHNOOR                            Hon. Jeffrey R. Hughes

    Debtor.                                Adversary Proceeding No.:_____
_____

CORNERSTONE COMMUNITY BANK,
 A Tennessee corporation

       Plaintiff,

v.

ROBERT J. SCHNOOR,
a/k/a R. JUDD SCHNOOR,
a/k/a JUDD SCHNOOR
      Defendant.
_____

Gary C. Rogers P-29083
G. Alan Wallace P-69333
Fraser Trebilcock Davis & Dunlap, P.C.
124 W. Allegan, Suite 1000
Lansing, MI 48933
Telephone: (517) 482-5800
Facsimile: (517) 482-0887
Attorneys for Plaintiff
_____

FRASER
TREBILCOCK
DAVIS &
DUNLAP,
P.C.
LAWYERS
LANSING,
MICHIGAN
48933

## COMPLAINT TO DETERMINE DISCHARGEABILITY OF INDEBTEDNESS PURSUANT TO 11 USC §523

    **NOW COMES** Plaintiff, Cornerstone Community Bank, by and through its attorneys,

FRASER TREBILCOCK DAVIS & DUNLAP, P.C., and for its Complaint to Determine the

Dischargeability of Indebtedness Pursuant to 11 USC § 523 against Defendant Robert J. Schnoor a/k/a R. Judd Schnoor a/k/a Judd Schnoor, states as follows:

<u>**Parties, Jurisdiction and Venue**</u>

1.      This is a Complaint to determine the dischargeability of certain indebtedness owed to Plaintiff Cornerstone Community Bank ("Cornerstone") by Defendant Robert J. Schnoor a/k/a R. Judd Schnoor a/k/a Judd Schnoor ("Defendant") that remains unpaid as of the date of the filing of this Complaint.

2.      This Complaint is filed pursuant to Rule 700l(6) of the Rules of Bankruptcy Procedure.

3.      This Court has jurisdiction in this adversary proceeding pursuant to 11 USC §157 and §1334 since this proceeding arises from the above-captioned Chapter 7 case currently pending in this federal judicial district.

4.      This adversary proceeding is a core proceeding under 11 USC §157(b)(2)(I).

5.      On January 28, 2009, Defendant commenced the underlying bankruptcy case by filing a voluntary petition with this Court under Chapter 13 of the United States Bankruptcy Code.  The case has since been converted to a Chapter 7 petition.

<u>**General Allegations**</u>

6.      Cornerstone re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 5 above.

7.      Cornerstone Community Bank is a local banking institution headquartered in Chattanooga, Tennessee, offering a wide variety of banking products and services.

8.      Upon information and belief, JSRF, LLC is a closely held limited liability company primarily engaged in the acquisition and development of real estate.

FRASER
TREBILCOCK
DAVIS &
DUNLAP,
P.C.
LAWYERS
LANSING,
MICHIGAN
48933

9.      Upon information and belief, at all pertinent times to this Complaint Defendant was a member of JSRF, LLC.

10.     Prior to May 4, 2007, JSRF, LLC obtained approval for a commercial real estate development loan from Cornerstone in the amount of $2,680,000.00 (the "Loan").  Loan Approval Memorandum; Attached as **Exhibit A**

11.     The purpose of the Loan was to finance acquisition and development of certain real estate located in Knox County, TN.  .

12.     As consideration for, and as a condition to, approving the Loan, Cornerstone required Defendant and Mr. Richard R. Frost to personally guarantee the Loan. Commercial Guaranty Agreement; Attached as **Exhibit B**.

13.     Prior to approving the Loan, and for purposes of establishing proof of Defendant's ability to guarantee the Loan, on May 4, 2007, Defendant submitted a signed Personal Financial Statement to Cornerstone relative to his personal guaranty.  Personal Financial Statement; Attached as **Exhibit C**.

14.     Although Defendant submitted the Personal Financial Statement on or about May 4, 2007, the Loan was not approved until September 12, 2007 and ultimately closed on November 27, 2007 in the amount of **$2,512,500.00.** Promissory Note; Attached as **Exhibit D.**

15.     According to the Personal Financial Statement, Defendant's net worth as of December 30, 2006, was $6,058,426.00 with total assets of $6,784,426.00 and total liabilities of $726,000.00.

16.     As part of the Personal Financial Statement, Defendant also submitted four separate schedules attached to the Personal Financial Statement.  The schedules listed the following assets held by Defendant: (1) Marketable Securities; (2) Non-Marketable Securities; (3) Real Estate Investment Properties; and (4) Life Insurance Policies.  **Exhibit C**.

FRASER
TREBILCOCK
DAVIS &
DUNLAP,
P.C.
LAWYERS
LANSING,
MICHIGAN
48933

17.     Upon information and belief, the Personal Financial Statement submitted by Defendant fraudulently misrepresented his assets, liabilities and net worth.

18.     The Personal Financial Statement submitted by Defendant did not to disclose his contingent liabilities or any pending legal actions where he was a named defendant.

19.     Upon information and belief, at the time Defendant submitted the Personal Financial Statement to Cornerstone, Defendant had numerous contingent debts that he failed to disclose on the Personal Financial Statement.

20.     Upon information and belief, at the time Defendant submitted the Personal Financial Statement to Cornerstone, Defendant had at least one, and possibly more, pending civil claims against him personally, or pending civil claims against companies in which he held a membership or ownership interest, thereby affecting Defendant's net worth as listed in the Personal Financial Statement and its attached schedules.

21.     In addition, Defendant, through the Personal Financial Statement, warranted that all information supplied in connection with the Personal Financial Statement was true and accurate, and that Defendant would provide written notice of any change in his financial or business affairs covered by the Personal Financial Statement.

22.     Upon information and belief, shortly before closing the Loan, and after Defendant submitted the Personal Financial Statement, Defendant personally borrowed or guaranteed a $2,264,196.00 loan from the Morris Trust.

23.     Upon information and belief, the loan or guaranty with Morris Trust substantially and materially increased Defendant's total liabilities and decreased his over all net worth.

24.     Defendant failed to disclose the Morris Trust loan or guaranty to Cornerstone prior to closing the Loan or anytime thereafter as required by the Personal Financial Statement.

FRASER
TREBILCOCK
DAVIS &
DUNLAP,
P.C.
LAWYERS
LANSING,
MICHIGAN
48933

4

25.    In addition, upon information and belief, Defendant transferred all or a substantial portion of his non-marketable securities, as listed on page two (2) of the schedules attached to the Personal Financial Statement, to his children on or about December, 31, 2007.

26.    Upon information and belief, the transfer of the non-marketable securities substantially and materially decreased Defendant's over all net worth.

27.    Defendant failed to disclose the transfer of the non-marketable securities as required by the Personal Financial Statement to Cornerstone.

## COUNT I

## 11 USC § 523(a)(2)(A)

28.    Cornerstone re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 27 above.

29.    Cornerstone is an unsecured non-priority creditor of Defendant and the debt owed to Cornerstone is valid and remains unsatisfied as of the date of this Complaint.

30.    Upon information and belief, after submitting the Loan application and before obtaining its approval, Defendant personally borrowed or guaranteed $2,264,196.00 from the Morris Trust.

31.    The personal loan or guarantee with the Morris Trust substantially and materially decreased Defendant's overall net worth and his ability to obtain the Loan with Cornerstone.

32.    Defendant failed to disclose the personal loan or guaranty with the Morris Trust prior to Cornerstone approving or closing the Loan.

33.    Cornerstone reasonably relied on Defendant's representations, conduct, actions and inaction prior to closing the Loan.

Fraser
Trebilcock
Davis &
Dunlap,
P.C.
Lawyers
Lansing,
Michigan
48933

5

34.    Defendant's fraudulent actions relative to the Loan and the subsequent personal loan or guaranty with the Morris Trust constitutes actual fraud as to Cornerstone.

35.    As a result of Defendant's fraudulent actions, Cornerstone has suffered substantial financial losses.

**COUNT II**

**11 USC § 523(a)(2)(B)**

36.    Cornerstone re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 35 above.

37.    Cornerstone is an unsecured non-priority creditor of Defendant and the debt owed to Cornerstone is valid debt that debt that remains unsatisfied as of the date of this Complaint.

38.    The Personal Financial Statement submitted by Defendant is a statement in writing for purposes of Cornerstone's claim under 11 USC § 523(a)(2)(B).

39.    Defendant obtained moneys under the Loan by the use of the Personal Financial Statement.

*40.*    Upon information and belief, at the time Defendant submitted the Personal Financial Statement to Cornerstone, the Personal Financial Statement was false in that it substantially overstated Defendant's over all net worth, failed to disclose Defendant's contingent liabilities and failed to list any pending civil litigation where Defendant was a party-defendant.

41.    At all times pertinent to this Complaint, the Personal Financial Statement was intended and submitted to represent Defendant's financial condition for purposes of obtaining approval of the Loan.

42.    Cornerstone reasonably relied on the Personal Financial Statement submitted by Defendant in approving and subsequently closing on the Loan.

FRASER TREBILCOCK DAVIS & DUNLAP, P.C. LAWYERS LANSING, MICHIGAN 48933

6

43.    Defendant submitted, published or otherwise caused the information within the Personal Financial Statement to be known to Cornerstone with the intent to deceive and defraud Cornerstone into approving and subsequently closing the Loan.

44.    Defendant's fraudulent actions relative to the Personal Financial Statement constitutes actual fraud as to Cornerstone.

45.    As a result of Defendant's fraudulent actions, Cornerstone has suffered substantial financial losses.

WHEREFORE, Plaintiff Cornerstone Community Bank requests that this Honorable Court declare the following: (1) That Plaintiff's allowed claim of $2,539,016.90, plus costs, attorney fees and accrued interest from the default date of the Loan, be deemed non-dischargeable; and (2) Enter Judgment against Defendant in the amount of $2,539,016.90, plus costs, attorney fees and accrued interest from the default date of the Loan, together with any other relief that the Court deems just and proper given Defendant's conduct.

Respectfully submitted,

FRASER TREBILCOCK DAVIS & DUNLAP, P.C.
Attorneys for Plaintiff

Dated: June 10, 2009          By:  __/s/ Gary C. Rogers_____
                             Gary C. Rogers P-29083
                             Fraser Trebilcock Davis & Dunlap, P.C.
                             124 W. Allegan, Suite 1000
                             Lansing, MI 48933
                             Telephone: (517) 482-5800
                             Facsimile: (517) 482-0887
                             Grogers@fraserlawfirm.com

FRASER
TREBILCOCK
DAVIS &
DUNLAP,
P.C.
LAWYERS
LANSING,
MICHIGAN
48933